IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAHN NGUYEN,                                                     CV. 06-1465-AS

                     Plaintiff,

v.                                                                OPINION AND ORDER

MICHAEL J. ASTRUE, Commissioner
of Social Security,
                     Defendant.

ASHMANSKAS, Magistrate Judge:

       Plaintiff Cahn Nguyen ("Mr. Nguyen") brings this action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's final decision is reversed and remanded for further proceedings.

/ / /

/ / /

Page - 1 - OPINION AND ORDER

Case 3:06-cv-01465-AS    Document 33    Filed 08/20/07    Page 2 of 5

## PROCEDURAL BACKGROUND

Mr. Nguyen filed his application for benefits on July 9, 2003, alleging an onset date of February 2, 2002. That application was denied, and a hearing was held on July 20, 2005, before an administrative law judge ("ALJ"). In a decision dated November 23, 2005, the ALJ found Mr. Nguyen not disabled and, therefore, not entitled to benefits. Mr. Nguyen filed a request for review with the Appeals Council on December 12, 2005.

In March 2006, Mr. Nguyen suffered a heart attack and counsel for Mr. Nguyen informed the Appeals Council of this change in circumstances. AR 26.[1] The Appeals Council responded that Mr. Nguyen could send them more evidence regarding his appeal, but that the new evidence must be "new and material" to issues considered in the decision he was appealing.[2] AR 24. In June 2006, Mr. Nguyen sent another letter to the Appeals Council and included over 300 pages of medical documents relating to his three hospitalizations between March and May 2006. AR 22. However, those medical records were not made part of the administrative record filed with this court. In the June 2006 letter, Mr. Nguyen characterized his new evidence as "reflecting the presence of ongoing atherosclerotic coronary artery disease, mitral valve deficiency, and the 'principal diagnosis of Congestive Heart Failure'". Id. Mr. Nguyen alleges that his physical condition prior to the ALJ's decision and his subsequent heart problems were related. AR 23. The Appeals Council responded with another letter indicating that Mr. Nguyen could send them more evidence.

---

[1] Citations are to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

[2] Under Social Security regulations, a claimant is permitted to submit new evidence to the Appeals Council. 20 C.F.R. § 404.970(b).

Page 2 - OPINION AND ORDER

In July 2006, Mr. Nguyen sent the Appeals Council a memorandum that made arguments connecting his physical ailments that were the subject of his application for benefits, and his subsequent heart problems in 2006. AR 8-19. On September 28, 2006, the Appeals Council denied Mr. Nguyen's request for review, making the ALJ's decision the final decision of the Commissioner. AR 4. In its letter denying review, the Appeals Council stated that it looked at the treatment records for March through May 2006, but concluded that this new information was "about a later time" and did not affect the ALJ's decision made in November 2005. AR 5. The Appeals Council also wrote that Mr. Nguyen could file a new claim for the time period after November 2005, and that it was returning the medical evidence from 2006 previously submitted by Mr. Nguyen for use in the filing of a new claim.[3] Id. Mr. Nguyen filed his complaint with this court in October 2006 and the Commissioner filed the administrative record along with his answer to the complaint in November 2006.

## DISCUSSION

The Appeals Council's actions in considering and then returning to Mr. Nguyen the over 300 pages of medical evidence from 2006 renders the administrative record incomplete. When a Social Security claimant seeks court review, the Commissioner "shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Here, the Appeals Council evaluated the entire record including the new evidence, but failed to include all the evidence in the administrative record. Without the ability to review these later submissions of evidence, this court is not prepared to rule on whether the ALJ's

---

[3] Mr. Nguyen filed a second claim with SSA and was found disabled as of March 25, 2006.

Page 3 - OPINION AND ORDER

decision was based on proper legal standards or that his findings were supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

When the Appeals Council considers materials not seen by the ALJ and concludes that the materials provide no basis for review of the ALJ's decision, a reviewing court may consider the additional materials when it determines whether there is substantial evidence supporting the Commissioner's decision. Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993). Here, the Appeals Council reviewed the post-hearing medical records and found that the information did not provide a basis for changing the ALJ's decision. AR 5. Those medical records should have been made part of the administrative record even though the Appeals Council denied Mr. Nguyen's request for review. This court must have the opportunity to review the entire record, including the post-hearing medical records, to determine whether those new records undermined or supported the evidentiary basis for the ALJ's decision. Evidence submitted for the first time before the Appeals Council should be available for review by the district court because the Appeals Council's denial of the request for review is part of the agency's "final decision." See Higginbotham v. Barnhart, 405 F.3d 332, 335-36 (5th Cir. 2005) (collecting cases from other circuits and noting that the Ninth Circuit so held in Ramirez, 8 F.3d at 1452). Because the administrative record filed by the Commissioner did not include the evidence submitted by Mr. Nguyen to the Appeals Council in 2006 and considered in his request for review, this case must be remanded to correct that error.

///

///

Page 4 - OPINION AND ORDER

CONCLUSION

For the foregoing reasons, the Commissioner's decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

Dated this 20th day of August, 2007.

        /s/Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge